MULRONE, RESPONDENT, v. MARSHALL, APPELLANT.

(No. 2,364.)

(Submitted February 11, 1907.   Decided February 20, 1907.)

(88 Pac. 797.)

*Real Property—Damages by Water—Cities and Towns—Drains*
*-Obstructions—Evidence—Instructions—Act of God.*

Real Property—Damages by Surface Waters—Evidence—Sufficiency.
1.   Evidence in an action for injuries to plaintiff's property, alleged to have been caused through defendant's negligence in permitting the filling up of a drain in front of his (defendant's) premises, by reason of which certain water, that would otherwise have been carried off through such drain, was turned into plaintiff's basement, where he lived, *held*, sufficient to sustain a verdict in the latter's favor.

Same—Damages by Surface Water—Act of God—Liability of Defendant—Instructions—Invading Province of Jury.
2.   Plaintiff sued defendant for injuries to his property, claimed to have been occasioned by the latter's negligence in filling up a drain in front of his premises, thus causing water, which would otherwise have been carried off through the drain, to flood plaintiff's basement where he lived.   Defendant contended that the drain was open at the time of the accident, but that it was insufficient to carry off the water caused by an unusual and extraordinarily heavy rainstorm, and that the damage resulted from an act of God.   The court instructed the jury that, when two causes combine to produce an injury, both of which causes are in their nature proximate, the one being a culpable, negligent act of the defendant, and the other in the nature of an act of God (for which neither party is responsible), then the defendant is liable for such loss as is proximately caused by his own act concurring with the act of God, provided the loss would not have been sustained by the plaintiff but for such negligent act of the defendant.   *Held*, that while the court should have been more specific in applying the rule stated to the case in hand, the instruction

correctly stated the law and was not objectionable as invading the province of the jury.

Same—Instructions.

3. Nor could the jury have been misled by the foregoing instruction, where they were told by the next succeeding one that if they believed that the damage complained of was not due to defendant's want of care or negligence concurring with the unusual rainstorm, verdict should be for defendant.

Appeal—Review—Instruction—Stating Merely Abstract Rule of Law—Harmless Error.

4. Where the facts in a case are few and simple, and of such a nature that general principles of law may be easily applied, error in an instruction, in that it merely stated an abstract legal principle, was not prejudicial.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by Thomas Mulrone against J. W. Marshall. Judgment for plaintiff. From an order denying him a new trial, defendant appeals. Affirmed.

*Mr. C. M. Parr,* for Appellant.

The rule in cases like this requires that each proprietor in exercising his own rights, in his own territory, shall act with reasonable skill and care to avoid injury to others, and as an approximate rule for measuring that degree it is laid down that such skill, care and diligence should be exercised as men of common or ordinary prudence in relation to similar subjects would exercise in the conduct of their own affairs. (*Shrewsbury* v. *Smith,* 12 Cush. 177; *Wolf* v. *St. Louis Ind. Water Co.,* 10 Cal. 541.) An extraordinary flood is an act of God, and imposes no liability upon him whose lawful structure is an instrument in causing damage to others. (*Central Trust Co.* v. *Wabash etc. Ry. Co.,* 57 Fed. 441.)

Where a railroad is charged with flooding lands, and it appears that it was due to an unprecedented storm and rainfall, the company is not liable, even though the company's negligence contributed to the loss by leaving the stumps of piling in a stream where a bridge had been built which caught drift and threw the water out of the channel. (*Coleman* v. *Kansas City*

*etc. R. R. Co.,* 36 Mo. App. 476.)    Instruction No. 4 invaded the province of the jury.  (*St. Louis S. W. R. Co.* v. *Casseday.* (Tex. Civ. App.), 40 S. W. 198; *Houston & T. C. Ry. Co.* v. *Jones,* 16 Tex. Civ. App. 179, 40 S. W. 745; *Missouri etc. R. Co.* v. *Rogers* (Tex. Civ. App.), 40 S. W. 849.)

*Messrs. Maury & Hogevoll,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the justice of the peace court by Mulrone, as plaintiff, to recover damages for injuries alleged to have been caused to his property by the negligent acts of the defendant, Marshall.  From a judgment in favor of the plaintiff, the defendant appealed to the district court of Silver Bow county, where the cause was tried to the court sitting with a jury.  The jury returned a verdict in favor of the plaintiff, and judgment was entered thereon.  From an order denying him a new trial, the defendant appealed to this court.

The specifications of error raise but two questions: (1) Is the evidence sufficient to sustain the verdict? and (2) did the court err in giving instruction No. 4?

1. It appears from the evidence that the plaintiff lived in the basement of a dwelling on the west side of Alaska street, south of Copper street, in the city of Butte; that on the west side of Alaska street there was an open drain for carrying off surface water; that immediately north of plaintiff's property was property owned by the defendant; that defendant was excavating on his property preparatory to the erection of a building, and, in doing so, had taken up a part of the sidewalk immediately in front of his premises, and had made a runway up which the dirt taken from the excavation was hauled; that on August 11, 1905, there occurred in Butte an extraordinarily heavy rainstorm; that the basement in which plaintiff lived was flooded with three or four feet of muddy water, which caused the damage to plaintiff's property of which complaint is made.

The contention of the plaintiff is that his property was flooded by reason of the negligence of defendant in filling up the drain on the west side of Alaska street in front of his property, which caused the water to be turned down the runway and into the basement where plaintiff resided. The contention of the defendant is that the rainstorm of August 11th was, in fact, a cloudburst; that the drain on Alaska street was open and in good repair; that such drain was wholly insufficient to carry off the surface water which accumulated on Alaska street during this rainstorm; that, in fact, much of the water which flooded plaintiff's property came down Copper street and overflowed the drain on that street, overflowed and cut under the sidewalk above the property of both plaintiff and defendant, and flowed into the basement where plaintiff resides; that defendant was not guilty of any negligence, and that the damage resulted from an act of God. There is evidence tending to support each of these contentions.

There is a direct conflict as to whether the drain on Alaska street was closed, and, if so, whether it was closed by any negligent acts of the defendant; whether, if open, it would have carried off the water which came down Alaska street; and whether the water which flooded plaintiff's premises, or any substantial portion of them, came from Copper street. Witnesses on behalf of plaintiff testified positively that the drain on Alaska street in front of the defendant's property was closed by dirt taken from the excavation which he was making. Certain witnesses testified that they went to that point during the storm and opened the drain; that when they did so, no more water ran into the basement where plaintiff resided. In fact they testified that no substantial amount of water was coming onto plaintiff's property from any other source. We think there was evidence sufficient to sustain the verdict.

2. Complaint is made of instruction No. 4, given by the court, as follows: "You are instructed that when two causes combine to produce an injury, both of which causes are, in their nature, proximate, and both contributing to an injury, the one be-

ing a culpable, negligent act of the defendant, and the other some occurrence in the nature of an act of God, for which neither party is responsible, then the defendant is liable for such loss as is proximately caused by his one (own) act concurring with the act of God, provided the loss would not have been sustained by the plaintiff but for such culpable, negligent act of the defendant, if there was any such culpable, negligent act.''

It is said that the court in this instruction invaded the province of the jury; that, in fact, the jury were told that ''the proximate cause was the negligence of Marshall.'' The rule stated in the instruction is substantially the same as that announced by this court in *Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac. 130, and in *Lundeen* v. *Livingston E. L. Co.,* 17 Mont. 33, 41 Pac. 995, and we think it correctly states the law. In making use of the rule as an instruction, the trial court might properly have been more specific in applying it to the particular case, but we think it is hardly open to the criticism made. It seems to us that the jury must have understood that the court was stating a rule of law, and was not attempting to state any fact. They must have understood the instruction to mean that, if they found from the evidence (1) that there were two causes which combined to produce the damage, (2) that both of such causes were in their nature proximate, and (3) that one of such causes was the culpable, negligent act of the defendant, and the other an act of God, then the defendant should be held liable for the loss proximately resulting from the two such concurring causes, provided they should further find from the evidence that the loss would not have been sustained but for such culpable, negligent act of the defendant.

We are re-enforced in our opinion that the jury could not have been misled by the fact that, in the next succeeding instruction, they were told that, if they believed that such damage as complained of by plaintiff was not due to the want of care or the negligence on the part of the defendant concurring with such rainstorm, as explained in instruction No. 4, then the verdict should be for the defendant.

We have examined the cases cited by counsel for appellant, but are not able to agree with the Texas court that such an instruction as the one offered in this instance is a comment upon the weight of evidence, or in any other respect invades the province of the jury. While the instruction is open to the criticism that it merely states an abstract legal principle, since the facts in this case are few and simple and of such a nature that general principles of law may be easily applied, we think the error in giving it was without prejudice. (Blashfield on Instructions to Juries, sec. 92.)

We find no reversible error in the record. The order of the district court refusing the defendant a new trial is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.