FREDERICK, RESPONDENT, v. HALE, APPELLANT.

(No. 2,879.)

(Submitted September 28, 1910.   Decided October 27, 1910.)

[112 Pac. 70.]

*Waters—Reservoirs—Breaking of Dams—Negligence—"Con-*
*current" Acts—Injury to Property—Defenses—Act of God—*
*Pleading and Proof—Variance—Evidence—Appeal and Er-*
*ror—Instructions—Review.*

Negligence—Pleading and Proof—Proximate Cause.
   1.  Proof of all of several acts of negligence charged in the complaint
   is not necessary in order to entitle plaintiff to recover.  Proof of any
   one of such acts, if shown to be a proximate cause of the injury, is
   sufficient.
Same—"Concurrent" Acts—Proof.
   2.  Where several acts of negligence are alleged in the complaint as
   having brought about plaintiff's injury, and the pleading discloses that
   no one of the acts of itself would have caused it, but that the con-
   currence of all was necessary to that result, proof of all such acts is a
   prerequisite to recovery.
Reservoirs—Breaking of Dams—Injury to Property—"Concurrent" Acts of
   Negligence—Pleading and Proof.
   3.  Allegations in plaintiff's complaint in an action for damages to his
   premises caused through the flooding thereof, by reason of defendant's
   negligent construction, use and maintenance of two reservoir dams,
   and the breaking of the lower one, examined and *held* not to plead
   such interdependent or "concurrent" acts of negligence as to make it
   incumbent upon plaintiff to prove negligence as to both dams, but that
   proof of negligence as to the lower one was sufficient.
Variance—When Immaterial.
   4.  Under section 6585, Revised Codes, a party will not be heard to
   complain that he was misled to his prejudice, by a variance, unless he
   was surprised at the trial by having to meet issues not pleaded.
Evidence—Exclusion—Objection—Record.
   5.  Where the record on appeal fails to disclose any ruling by the
   trial court on an objection to the admission of evidence, the supreme
   court has nothing to review.
Same—Objection—When too Late.
   6.  An objection to a question which was not interposed until after
   the witness had answered was properly overruled because made too late.
Reservoirs—Breaking of Dams—Evidence—Admissibility.
   7.  Evidence as to the condition of a dam fourteen years prior to its
   breaking, and relative to the making of any improvements on it during
   that interval, was properly admitted to show that its owner had suffi-
   cient opportunity to ascertain the defects therein and remedy them,
   and also for the purpose of making a comparison between its then
   condition with that prevailing immediately prior to its giving way.
Same—Expert Testimony—When Inadmissible.
   8.  An offer to prove, by an experienced placer miner, the extent of the
   damage to plaintiff's ditches and flumes caused by the breaking of de-

fendant's reservoir dam and the consequent flooding of the former's premises, was properly refused, the witness not having first been shown to ever have been in the gulch where the flood occurred or know anything of the extent to which plaintiff's property was damaged, or the size and amount of fluming or quality of material involved in its construction, or the condition in which it was left by the flood.

Evidence—Offer of Proof—Exclusion—When Proper.
9. An offer of proof containing some matters, evidence relating to which was competent, and others with reference to which testimony was inadmissible, was properly excluded in its entirety.

Same—Exclusion—Absence of Offer of Proof—Review.
10. Where counsel for appellant failed to make an offer to prove, after an objection to a question propounded by him to a witness had been sustained, the supreme court is in no position to determine whether prejudice resulted to him from the court's ruling.

Instructions—Defects—Duty of Counsel.
11. If the charge to the jury does not set forth the issues in a given case as fully as counsel desires, it is his duty to offer an instruction to remedy the defect; if he fails in this respect he will not be heard to complain on appeal.

Same—Settlement—Failure to Object—Review.
12. Unless an objection to an instruction sought to be reviewed on appeal was made at the time the instructions were settled, the supreme court may not consider the alleged error. (Rev. Codes, sec. 6749.)

Same—Submitting Pleadings to Jury—Harmless Error.
13. Alleged error in an instruction submitting to the jury the pleadings in the cause for a more complete understanding of the issues involved, held not to have prejudiced appellant.

Same—To be Considered as a Whole.
14. The charge of the court must be considered as a whole, and if, in its entirety, it fairly presents the questions involved, it will be held sufficient.

Injury to Property—Defenses—Act of God—Proper Instruction.
15. The court's instruction that if the injury to plaintiff's property was occasioned by a combination of defendant's negligence, and an act of God, he would still be entitled to recover if the alleged negligence was a proximate cause of the injury, correctly stated the law.

*Appeal from District Court, Jefferson County; J. B. Poindexter, Judge.*

ACTION by Jacob Frederick against R. S. Hale. From a judgment for plaintiff and from an order denying him a new trial, defendant appeals. Affirmed.

In behalf of Appellant there was a brief by *Messrs. Wm. Wallace, Jr., John G. Brown,* and *R. F. Gaines.* Oral argument by *Mr. Brown.*

There was a fatal variance between the pleadings and proof. (See *Geer* v. *County Board,* 97 Fed. 435, 38 C. C. A. 250; *Ratteree* v. *Railway Co.,* 36 Tex. Civ. App. 197, 81 S. W. 566;

*Williams* v. *Railway Co.,* 34 Tex. Civ. App. 145, 78 S. W. 45;
*Lake St. Ry. Co.* v. *Collins,* 118 Ill. App. 270; *Western Ry. Co.*
v. *McPherson,* 146 Ala. 427, 40 South. 934.)    Where a complaint
alleges in the conjunctive form, and in addition thereto so com-
mingles the various causes as to make it undistinguishable. as
to which is the real proximate cause, as the complaint here in
question does, the plaintiff wishing to sustain the same must
prove both causes.    (See *Pierce* v. *Great Falls & C. Ry. Co.,*
22 Mont. 445, 56 Pac. 867; *Spellman* v. *Rhode,* 33 Mont. 21, 81
Pac. 395; *Forsell* v. *Pittsburgh & Mont. etc. Co.,* 38 Mont. 403,
100 Pac. 218; *Flaherty* v. *Butte Electric Ry. Co.,* 40 Mont. 454,
135 Am. St. Rep. 630, 107 Pac. 418.)

Where evidence of conditions prior to an injury is admitted,
it must be coupled with the conditions at the time of the in-
jury; that is to say, it is only admissible when it tends to show
the things to be the same as when complained of.    Another
limitation on the admission of such evidence is that it must be
such in character and point of time to justify the inference
that the place or thing was at the time in bad condition.    (See
29 Cyc. 614; *Nelson* v. *Young,* 91 App. Div. 457, 87 N. Y. Supp.
69, affirmed 180 N. Y. 523, 72 N. E. 1146.)    Conditions
surrounding a dam and its appurtenances cannot be expected to
be the same after a period of fourteen years.    Such evidence is
too remote, in the light of changing conditions and the storms
proven by plaintiff himself  as intervening, to even furnish a
basis for an inference as to the conditions of the dams at the
time in question.    (*White* v. *Railway Co.* (Del.), 63 Atl. 931;
*Newcombe* v. *Railway Co.,* 169 Mo. 409, 69 S. W. 348; *Zinn* v.
*Rice,* 161 Mass. 571, 37 N. E. 747.)

Instruction No. 1, giving to the jury the pleadings and telling
them to advise themselves as to the issues of the case by a
perusal of them, was erroneous, because, (a) not permissible
under the statute, (b) bad as a matter of practice, (c) espe-
cially confusing herein because of the verboseness of the plead-
ings and the court's ruling on the evidence, and (d) because
it resulted in confusion.    (See sec. 6749, Revised Codes; *Powley*

v. *Swenson,* 146 Cal. 471, 80 Pac. 722; *International etc. Ry. Co.*
v. *Leak,* 64 Tex. 654; *Spaulding* v. *Salliel,* 18 Colo. 86, 31 Pac.
486; *Swanson* v. *Allen,* 108 Iowa, 419, 79 N. W. 132; *Mt. Terry
Min. Co.* v. *White,* 10 S. D. 620, 74 N. W. 1060; *Railroad Co.*
v. *Egan,* 64 Kan. 421, 67 Pac. 887; *Blackmore* v. *Missouri Pac.
Ry. Co.,* 162 Mo. 455, 62 S. W. 993; *Canfield* v. *Railway Co.,*
142 Iowa, 658, 121 N. W. 186; *Railway Co.* v. *Lee,* 90 Tenn.
570, 18 S. W. 268.) In Montana it has been expressly
held error to allow summons, execution and such other papers
to be taken to the jury-room. (*Sweeney* v. *Darcy,* 21 Mont.
188, 53 Pac. 540.)

The instructions having to do with the negligence of the de-
fendant concurring with an act of God were erroneous. They
in effect told the jury that if there was any negligence, the
fact that there was an act of God is of no avail and the de-
fendant would yet be liable. This is not the true rule. (See
Thompson on Negligence, secs. 72–74; *Central Trust Co.* v.
*Railway Co.,* 57 Fed. 441.) Undoubtedly the correct rule is
stated as follows in *Brash* v. *City,* 161 Mo. 433, 61 S. W. 808:
"If the negligence of the defendant concurs with the other
cause of the injury in point of time and place, or otherwise so
directly contributes to the plaintiff's damage that it is reason-
ably certain that the other cause alone would not have sufficed
to produce it, the defendant is liable, notwithstanding he may
not have anticipated the interference of the superior force
which, concurring with his own negligence, produced the
damage. But if the superior force would have produced the
same 'damage,' whether the defendant had been negligent or
not, his negligence is not deemed the cause of the injury."
(See, also, *Rodgers* v. *Railway Co.,* 67 Cal. 607, 8 Pac. 377;.
*Railroad Co.* v. *Reeves,* 10 Wall. 176, 19 L. Ed. 909.)

*Messrs. Purcell & Horsky* submitted a brief in behalf of Re-
spondent. *Mr. R. R. Purcell* argued the cause orally.

Defendant was in duty bound to use all reasonable care to
construct, use and maintain his reservoirs and their dams,

embankments, waste gates, etc., in a safe and suitable condition. (*Hollenback* v. *Dingwall,* 16 Mont. 335, 50 Am. St. Rep. 502, 40 Pac. 863.) The breaking and giving away of a dam is *prima facie* evidence of negligence. (Farnham on Water and Water Rights, p. 2548; *Whiteside* v. *Collier,* 100 Ill. App. 611.)

Although several acts of negligence are alleged in the complaint, proof of all is not required. A recovery will be sustained upon proof of any one or more of them. (*Moyse* v. *N. P. Ry. Co.,* 41 Mont. 272, 108 Pac. 1062; *Illey* v. *N. P. Ry. Co.,* 36 Mont. 545, 93 Pac. 948; *Hoskins* v. *N. P. Ry. Co.,* 39 Mont. 394, 102 Pac. 988; *Forquer* v. *Slater Brick Co.,* 37 Mont. 426, 97 Pac. 843; *Mize* v. *Rocky Mt. Bell Tel. Co.,* 38 Mont. 521, 129 Am. St. Rep. 659, 100 Pac. 971.) Appellant contends that the complaint alleges several concurring acts of negligence, and, hence, all must be proved, but has not pointed out, neither can he point out, one instance either in the pleadings or the evidence to show that the injury would not have resulted save for the negligence with reference to the upper reservoir. On this proposition, see *Dutro* v. *Metropolitan St. Ry. Co.,* 111 Mo. App. 258, 86 S. W. 915; *Chicago I. & L. Ry. Co.* v. *Barnes* (Ind.), 68 N. E. 166; *Lake Erie & Western Ry. Co.* v. *Mulcahy,* 16 Ohio C. C. Rep. 204; *Fleenor* v. *Oregon S. L. Ry. Co.,* 16 Idaho, 781, 102 Pac. 897; *Thompson* v. *Toledo Ry. Co.,* 91 Mich. 255, 51 N. W. 995; *Thayer* v. *Flint Ry. Co.,* 93 Mich. 150, 53 N. W. 217; *Bailey* v. *Gatewood,* 68 Kan. 231, 74 Pac. 1117.

Appellant predicates error upon the admission of testimony with reference to the condition of the dam for several years previous to its breaking. When a particular thing, to which testimony of this kind is directed, undergoes gradual, natural changes, proof of conditions previous to the occurrence of an accident is always admissible, ''to show by comparison its condition at the time of the accident.'' (8 Encyclopedia of Evidence, 909; *Brown* v. *Town of Swanton,* 69 Vt. 53, 37 Atl. 280; *Cook* v. *Town of Barton,* 66 Vt. 65, 28 Atl. 631; *Nesbit* v. *Garner,* 75 Iowa, 314, 9 Am. St. Rep. 486, 39 N. W. 516, 1 L. R. A. 152.) Another reason for the admission of testimony of

this character is to show negligence in failure to repair. (*Cunningham* v. *Fair Haven etc. Co.,* 72 Conn. 244, 43 Atl. 1047.) Another and stronger reason for the admission of this testimony was to show knowledge upon the part of the defendant of the conditions existing about this reservoir. (5 Thompson on Negligence, sec. 5974; *Hunt* v. *City of Dubuque,* 96 Iowa, 314, 65 N. W. 319.)

Jurors may take the pleadings to the jury-room. (8 Current Law, 2168; *Hancheft* v. *Haas,* 219 Ill. 546, 76 N. E. 845; *East Dubuque* v. *Burhyte,* 173 Ill. 553, 50 N. E. 1077; *Masterson* v. *State,* 144 Ind. 240, 43·N. E. 138; *State Bank* v. *Brewer,* 100 Iowa, 576, 69 N. W. 1011; *Cargill* v. *Commonwealth,* 93 Ky. 578, 20 S. W. 782; *Ingalls* v. *Crouch,* 35 Md. 296; *Commonwealth* v. *Keenan,* 140. Mass. 481, 5 N. E. 477; *Brazil* v. *Moran,* 8 Minn. 236, 83 Am. Dec. 772; *Marshall* v. *Corbett,* 137 N. C. 555, 50 S. E. 210; *Bluedorn* v. *Missouri Pac. R. Co.,* 121 Mo. 258, 25 S. W. 943; *Hall* v. *Rupley,* 10 Pa. 231; *Franklin* v. *Atlanta etc. Co.,* 74 S. C. 332, 54 S. E. 578.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff recovered judgment in the district court, and the defendant has appealed from that judgment and from an order denying him a new trial. The action is one for damages for the destruction of property belonging to plaintiff. The complaint proceeds upon the theory that defendant was negligent in the maintenance and use of a certain reservoir; that by reason of such negligence the dam of the reservoir gave way releasing a large body of water which overflowed plaintiff's property, causing the damage for which compensation is sought.

Many years ago the defendant constructed two reservoirs near the head of Lump Gulch, in Jefferson county; the upper one, situated near the divide, covered a large area; the lower one was formed by throwing a dam directly across the gulch and was of much less extent. There was a feed pipe conducting water from the upper to the lower one. The elevation of the lower reservoir

was some five hundred feet greater than plaintiff's premises, which were situated down the gulch. In the dam of this reservoir there was a waste gate, and at the upper reservoir there was a wasteway. On June 3, 1908, the waste gate and a part of the dam of the lower reservoir were washed out, releasing the waters which caused the injury to plaintiff's property.

1. It is contended that there is a fatal variance between the pleadings and the proof. The complaint describes with great minuteness of detail the location of each reservoir, the relation which each bore to the other, and defines the duty which the defendant owed in the maintenance and operation of such reservoirs. It is alleged that neither reservoir was properly equipped with overflows or wasteways; that the dam of each was allowed to become defective, insecure, and dangerous, which facts were known to the defendant, or, in the exercise of reasonable diligence, ought to have been known to him. It is then alleged that on or about June 3, 1908, the defendant negligently permitted more water to accumulate in each reservoir than its dam and embankments were capable of retaining; that thereupon defendant negligently turned water from the upper into the lower reservoir, the dam, embankments, waste gate, and overflow outlets of which gave way, thereby discharging large quantities of water down the gulch and over plaintiff's premises, causing loss and damage to his property.

At the close of plaintiff's case in chief the defendant moved for a nonsuit. Before passing upon the motion the court struck out all evidence in the record tending to show negligence on the part of the defendant in constructing, maintaining, or using the upper reservoir. The reason given for the ruling was that such negligence, if any had been shown, did not appear to have contributed in any way to the breaking of the dam at the lower reservoir. After this ruling was made, counsel for defendant renewed their motion for nonsuit, adding the additional ground that there was then a fatal variance between the pleadings and proof. The motion was denied, and error is predicated upon the ruling. In their brief counsel for appellant say: "It seems to us there can be no question but what the complaint makes the

care and handling of two reservoirs combined the cause of his damages, and in order to recover he must prove the same combination of circumstances as there alleged.'' In other words, as we understand counsel for appellant, they contend that, since plaintiff alleged negligence with respect to both reservoirs, he must prove negligence with respect to both to make his case, and, since the court struck out all evidence of negligence which referred to the construction, use, or maintenance of the upper reservoir, the remaining proof of negligence with respect to the lower one does not correspond to the allegations of negligence with respect to both. There is not any dispute as to the general rule of law that, where several acts of negligence are charged in the complaint, proof of all of them is not necessary. A recovery will be sustained upon proof of any one of them, if the act of negligence proven is shown to be a proximate cause of the injury. (*Mize* v. *Rocky M. Bell Tel. Co.*, 38 Mont. 521, 129 Am. St. Rep. 659, 100 Pac. 971; *Moyse* v. *Northern Pacific Ry. Co.*, 41 Mont. 272, 108 Pac. 1062.)

But it is said that the act of negligence with respect to the upper dam, and the act of negligence with respect to the lower one, are pleaded as concurrent acts, both of which the plaintiff in his complaint made necessary to constitute his cause of action, and therefore it was equally necessary for him to prove both as alleged. While the courts have been somewhat lax in the use of the word ''concurrent,'' we think the correct rule is that where two acts of negligence are charged in the complaint, and the pleading discloses that neither act in itself would have caused the injury, but that the concurrence of both was necessary to produce the result of which complaint is made, then proof of both concurrent acts is necessary. This is the rule deduced from the authorities by this court in *Forsell* v. *Pittsburgh & Mont. Copper Co.*, 38 Mont. 403, 100 Pac. 218. The complaint in this action charges negligence with respect to the upper reservoir, but it also discloses beyond question that it was the breaking of the dam at the lower reservoir which caused plaintiff's injury. The plaintiff does not charge directly nor indirectly that but for the negligent construction, maintenance, or use of the upper

reservoir the lower dam would not have given way. In fact, as we understand the complaint, the allegations with respect to the negligent use of the upper reservoir are wholly immaterial, in the sense that, had they been omitted, plaintiff would still have stated his cause of action, and those allegations do not add anything to, nor detract from, the cause of action stated with respect to the negligence at the lower reservoir. The gist of plaintiff's complaint is that defendant negligently permitted the dam at the lower reservoir to become in a weakened, defective, and dangerous condition, and with knowledge of this fact he then negligently permitted more water to accumulate in the reservoir than the dam in its defective condition could withstand. It appears to us that the allegations with respect to negligent construction, use, and maintenance of the upper reservoir were intended merely as a description or recital of the conditions which finally resulted in the breaking of the lower dam. But it was immaterial, as a matter of pleading or as a matter of fact, for what reason the surplus water was let into the lower reservoir, or whether that surplus came from the upper reservoir or from melting snow or any other source, if the allegations with respect to negligence at the lower reservoir were proven. Counsel for appellant cite *Pierce* v. *Great Falls & C. Ry. Co.*, 22 Mont. 445, 56 Pac. 867; *Spellman* v. *Rhode,* 33 Mont. 21, 81 Pac. 395; *Flaherty* v. *Butte Electric Ry. Co.*, 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416; and *Knuckey* v. *Butte Electric Ry. Co.*, 41 Mont. 314, 109 Pac. 979. But those cases present an entirely different question from the one before us, *viz.*, allegations constituting one cause of action, and proof of another and different cause of action. If we assume that there was a technical variance in this instance, it is hardly conceivable that the defendant was injured in that he was not called upon to meet proof of all the allegations of the complaint. So long as he was not surprised by having to meet at the trial issues not pleaded, he cannot have been misled to his prejudice, and the provisions of section 6585, Revised Codes, are properly invoked against him. (*Vreeland* v. *Edens,* 35 Mont. 413, 89 Pac. 735.)

42 Mont.—11

2. Objection was made at the trial to certain inquiries directed to the witness Wade, concerning conditions at the reservoirs in 1894. But the witness testified that his investigation at that time was confined to the upper reservoir, and the evidence was afterward excluded from the jury by the ruling made at the time the motion for nonsuit was denied, and defendant cannot complain. An objection was made to a question propounded to the witness Botkin; but the record fails to disclose any ruling made thereon by the trial court, and there is therefore nothing for us to review. (*People* v. *Murray*, 52 Mich. 288, 17 N. W. 843, cited with approval in *State* v. *Vanella*, 40 Mont. 326, 106 Pac. 364.)

The witness Brack was asked: "Q. Did you ever know of any improvements that were made on that dam, or either of those dams, from the first time you saw them in 1894, until it broke?" and answered: "Yes, sir; there was some improvements made that summer. I think it was in 1894. They put up some cribbing on the lower dam, and done some work on the side of the big dam." After the answer was made, an objection was interposed and overruled. The ruling was correct. The objection came too late. (*Poindexter & Orr Livestock Co.* v. *Oregon Short Line R. Co.*, 33 Mont. 338, 83 Pac. 886; *Martin* v. *Corscadden*, 34 Mont. 308, 86 Pac. 33; *State* v. *Rhys*, 40 Mont. 131, 105 Pac. 494.) But aside from the ground suggested above for the justification of the trial court's ruling in the last instance, the court was correct in admitting the testimony of each of the last two witnesses. If it served no other purpose, the evidence tended to disclose such a condition at the lower dam for such a length of time that defendant could not be heard to say that he had not been given sufficient opportunity to ascertain the defects and remedy them. (5 Thompson on Negligence, 5974; *Hunt* v. *Dubuque*, 96 Iowa, 314, 65 N. W. 319.) The evidence was also competent for the purpose of making a comparison of the condition of the dam in 1894, with its condition immediately prior to the time it gave way. (*Cook* v. *Town of Barton*, 66 Vt. 65, 28 Atl. 631.) The evidence, taken as a whole, fairly shows that the condition of the lower dam had gradually grown

worse from 1894 to the time it gave way, and that the people below the dam were apprehensive as to the safety of themselves and their property.

3. While the witness Wilson was on the stand, counsel for defendant propounded to him this question: "Mr. Wilson, in your placer mining experience have you ever had your flume boxes and ditches filled with water or mud or debris?" An objection was made, but the record fails to disclose any ruling. Counsel for defendant then made the following offer of proof: "Defendant offers to prove by the witness Wilson, now on the stand, that an unprecedented flood or washout which somehow takes out or removes a box flume which is imbedded in a prepared ditch, and also a flume which has been built by cutting into the natural ground, may be at a small expense reasonably expected to be repaired and put in good working condition by the removal of the earth and debris which has become lodged therein, and that the simple filling up or flooding of a flume ditch or flume box does not necessarily mean its destruction, and that the same may be put in good working condition by the removal of the debris therein." This offer was excluded, and error is predicated upon the ruling. The ruling was correct for several reasons:

(1) The witness had not shown that he was ever in Lump Gulch or knew anything of the extent to which the flood from defendant's reservoir had damaged the plaintiff's property.

(2) Considered in the light of a hypothetical question calling for the opinion of an expert, the offer was too broad and covered matters for which a proper foundation had not been laid. If the flume was destroyed, the cost of repairing it was a matter of proof which did not involve any difficulty. If it was merely filled with debris, the cost of removing the debris was a matter susceptible of proof; while, if the flume was injured, but not totally destroyed, the cost of repairing it was a matter of proof; but none of these matters called for the form of proof contained in the offer. In the absence of a showing that the witness knew the amount of fluming involved, its size, the quality of material used in its construction, *etc.*, or the condition in which it was left by the flood, the testimony sought to be elicited by the offer

would amount to nothing more than a mere speculation by the witness.

(3) The offer contained some matters upon which the witness might properly have given his opinion, and others for which there was not any proper foundation; as, for instance, the assumption that the flume was merely filled with debris. In *Farleigh* v. *Kelley*, 28 Mont. 421, 72 Pac. 756, 63 L. R. A. 319, this court said: "So long, then, as the offer included evidence incompetent, coupled with that which may have been competent, the court committed no error in excluding the offer in its entirety. It was not the duty of the court to separate the competent from the incompetent matter, and admit the one and exclude the other. It properly passed upon the offer as made, and was not required to do for counsel that which he should have done for himself." To the same effect was the ruling in *Bair* v. *Struck*, 29 Mont. 45, 74 Pac. 69, 63 L. R. A. 481.

Error is also predicated upon the refusal of the trial court to permit the witness Pratt to answer the following question: "From your experience and knowledge of drainage conditions, would the relative drainage conditions be anywhere near similar from the Chessman reservoir and out of it as they would be in the Hale reservoir and out of it?" In passing upon the objection the trial court said to counsel for defendant: "If you will prove the conditions pertaining in the Hale reservoir drainage territory, and base a hypothetical question on that, the witness may answer and give his opinion in regard to it." After the ruling was made, the witness was interrogated further, and testified that the Chessman and Hale reservoirs are about two and one-half miles apart; that they are on opposite sides of a separating watershed, and further said: "I should say that the altitude and the timber conditions of both places, and the general topographical conditions are similar, but I don't think I can say that the precipitation would necessarily be the same. The altitude and the topographical and timber conditions are the same." Counsel did not renew the question to which the objection had been sustained, or attempt further to comply with the suggestion of the court, and are not now in position to complain. Doubt-

less the answer of the witness just quoted discouraged further investigation.

The following question was also asked the same witness: "Assuming that the dam in question had been there for thirty years, what have you to say as to its sufficiency for ordinary and expected rainfalls?" An objection to this question was sustained, and error is predicated upon the ruling. In the absence of an offer to prove, it is impossible for us to say that the defendant was prejudiced by the court's ruling. The record discloses, however, that immediately after the ruling was made counsel for defendant asked the witness: "Mr. Pratt, what have you to say from your experience as to the sufficiency of the dam in question to hold or take care of a reservoir of twenty acres, whose greatest depth is between twenty and twenty-eight feet?" and the witness answered: "The dimensions of the dam are ample, and the age of it is a very good indication that it is capable of standing that work." It appears, then, after all, that defendant got from the witness just what he sought by the other question, so far as we can determine.

4. Objections are made to instruction No. 1, given to the jury. It is said:

(a) The court told the jury that the issues before them related only to the lower reservoir, and complaint is made that this eliminated the issue with respect to the upper reservoir; but, on the motion of counsel for defendant, the court had excluded all evidence relating to negligence in the construction, use or maintenance of the upper reservoir, and certainly they cannot now complain that the trial court adopted their own view. In any event, if the instruction did not set forth the issues as fully as counsel for defendant thought they should have been, it was their duty to offer an instruction to meet their views. Having failed to do this, they cannot complain. (*Hardesty* v. *Largey Lumber Co.*, 34 Mont. 151, 86 Pac. 29.)

(b) It is said that the instruction is objectionable in that it assumes as a fact a matter in dispute, *viz.*, that the lower dam actually broke or gave way. Admitting that the instruction

really assumes that the lower dam broke, we do not agree
with counsel that this was a matter in dispute. The evidence
is practically all one way—that the dam itself broke. The
very best justification for this conclusion is found in defend-
ant's Exhibit 3, which vividly portrays the fact we have stated.
But counsel is not entitled to have this objection heard here,
for it was not made at the time the instructions were settled;
and by section 6746, Revised Codes, we are limited in our re-
view to the objections made at that time. (*Poor* v. *Madison
River Power Co.*, 41 Mont. 236, 108 Pac. 645; *Yergy* v. *Helena
Light & Ry. Co.*, 39 Mont. 213, 102 Pac. 310; *Robinson* v.
*Helena Light & Ry. Co.*, 38 Mont. 222, 99 Pac. 837; *Lehane* v.
*Butte Electric Ry. Co.*, 37 Mont. 564, 97 Pac. 1038.)

(c) The third objection is that this instruction submits to the
jury the pleadings for a more complete understanding of the
issues involved. We will assume, without deciding, that this
form of objection raises the question of the right of the trial
court to submit the pleadings to the jury. Section 6749, Re-
vised Codes, provides: "Upon retiring for deliberation, the jury
may take with them all papers which have been received as
evidence in the cause, except depositions or copies of such
papers as ought not, in the opinion of the court, to be taken
from the person having them in possession; and they may also
take with them notes of the testimony or other proceedings on
the trial taken by themselves or any of them, but none taken
by any other person." In some states having similar statutory
provisions, the practice of submitting the pleadings to the jury
has been condemned. Manifestly the only purpose which a
court can have in permitting the jury to take the pleadings
with them to the jury-room is to obtain a definite idea of the
issues tried. If the issues are stated fully in the instructions,
the pleadings do not serve the jury any purpose. If the court
undertakes to state the issues, but does not do so to the satis-
faction of counsel for either party, it is the duty of the dis-
satisfied counsel to propose an instruction which meets his views.
In *Paxton* v. *Woodward*, 31 Mont, 195, 107 Am. St. Rep. 416,

78 Pac. 215, 3 Ann. Cas. 546, this court said: "While the jury may be permitted to take with them to the jury-room the pleadings in the case, and, if they desire, study the issues for themselves, the practice of setting forth in the instructions a clear and concise statement of the nature of the case and the issues to be determined is to be commended." In *Rand* v. *Butte Electric Ry. Co.*, 40 Mont. 398, 107 Pac. 87, the foregoing excerpt was quoted with approval. After all is said that can be said upon the subject, we fail to see wherein the defendant could have been prejudiced in this instance.

5. Objection was made in the trial court to instruction No. 5 given, on the ground that it permitted a recovery upon proof of negligence at the lower reservoir, ignoring altogether the allegations of negligence at the upper reservoir. This presents the same question considered in paragraph 1 and subdivision (a) of paragraph 4 above, and which has been determined adversely to appellant's contention. It is said that this instruction also eliminates the defense of act of God; but that defense was properly presented in other instructions. The charge of the court is to be considered as a whole. The court cannot be required to present every phase of a case in a single instruction; but if the charge in its entirety fairly presents the questions involved, it will be held sufficient. (*Harrington* v. *Butte, Anaconda & Pac. Ry. Co.*, 36 Mont. 478, 93 Pac. 640.)

6. We think instruction No. 6, given by the court, is not open to any objection made to it in the trial court. In effect, this instruction told the jury that if the injury to plaintiff's property was occasioned by a combination of, first, negligence on the part of the defendant, and second, an unprecedented flood, or, in other words, an act of God, then plaintiff would still be entitled to recover if the negligence of defendant was a proximate cause of the injury. No doubt, had the defendant requested it, the trial court would have defined "proximate cause" in the language of this court in *Mize* v. *Rocky Mountain Bell Tel. Co.*, above. The instruction correctly states the law as declared by this court in *Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac.

130, *Mulrone* v. *Marshall,* 35 Mont. 238, 88 Pac. 797, and *Birsch* v. *Citizens' Electric Co.,* 36 Mont. 574, 93 Pac. 940.

We have examined the other assignments made by counsel for appellant, but do not find therein any questions which merit special mention. In our review of this case we have proceeded upon the theory followed in the lower court—the theory of negligence on the part of the defendant. Just what effect should be given to sections 2138 and 2139, Revised Codes, has not been urged upon our attention, and we shall not express our views until the question has been fully presented.

This record contains four hundred and forty closely printed pages, and in our opinion is as free from error as any we have had before us. The cause was tried exceedingly well on the part of the court and counsel; the issues were fairly presented to the jury, and with their disposition of them we find no reason for interfering.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

(Submitted September 28, 1910.    Decided October 31, 1910.)