SMITH ET AL., RESPONDENTS, *v.* BONNER, APPELLANT.

(No. 4,733.)

(Submitted April 21, 1922. Decided June 19, 1922.)

[208 Pac. 603.]

*Personal Injuries—Cities and Towns—Streets—Negligent Use by Abutting Owner—Liability for Injuries—Defenses—Act of God—Contributory Negligence.*

Cities and Towns—Use of Street by Abutting Owner—Liability for Injury to Traveler.

1.  The right of an abutting owner to the use of a street is subordinate to the right of the public, and its use imposes upon him the duty to exercise due care that it shall not become dangerous to anyone traveling thereon in an ordinarily prudent manner, failing in which the person injured has a private action against him.

Same—Case at Bar—Liability of Owner for Negligence.

2.  Under the above rule, *held* that where defendant had dug a cesspool on that part of his premises which subsequently was incorporated within the city limits and became a street, and planted a tree in close proximity to it, and ten years later dug a new cesspool on her property close to the old one, dumping the dirt in the old excavation without, however, tamping it or settling it with water and thus leaving the roots of the tree in the old cesspool, so unsupported that a high wind blew it over and upon the driver of a vehicle who has sought shelter under it from the rain, killing him, defendant was liable in damages.

Same—Several Acts of Negligence Alleged—Proof of One Sufficient.

3.  Where, in a personal injury action, the several acts of negligence alleged are independent of each other, plaintiff is not required to prove them all, proof of one of them being sufficient if it was a proximate cause of the injury.

Same—Defense of Act of God—When not Available.

4.  The defense of an act of God is not available in a personal injury action where, but for a prior or coincident negligent act of the defendant the accident would not have occurred, since in such case defendant's negligence will be held the proximate cause of the injury under the rule that where two causes of action contribute to an injury, one of which is the negligence of defendant and for the other of which neither party is responsible, defendant is liable.

Same—Use of Street by Traveler—What Does not Constitute Contributory Negligence.

5.  An instruction that if deceased voluntarily left the traveled track of the road in his endeavor to seek shelter under the tree the fall of which killed him, he was guilty of contributory negligence was properly refused, the rule that where a sufficient portion of the public highway is graded or otherwise prepared for travel, the traveler must keep within that portion of it which is prepared and if he leaves it he does so at his own risk, not being applicable to city streets which presumably are prepared for travel from curb to curb.

*Appeals from District Court, Missoula County, in the Fourth Judicial District; Joseph C. Smith, a Judge of the Fifth District, presiding.*

Action by Edna Smith and others against Carrie S. Bonner to recover damages for the death of plaintiff's father. Judgment for plaintiffs, and defendant appeals from the judgment and from the order overruling her motion for new trial. Affirmed.

*Mr. Harry H. Parsons,* for Appellant, submitted a brief and argued the cause orally.

The duty of handling, rehabilitating or disposing of the tree in question rested solely and exclusively with the city. (*Chase* v. *City of Lowell,* 149 Mass. 85, 21 N. E. 233; *Wright* v. *City of Chelsea,* 207 Mass. 460, 93 N. E. 840.) Where the fee of the street is vested in the city, as in Montana, the city may do as it pleases with the trees growing therein, and the owner of the adjacent property has nothing to say about it. (*Gaylord* v. *King,* 142 Mass. 495, 8 N. E. 596; *Weed* v. *Township Committee etc.* (N. J.), 85 Atl. 329; *Vanderhurst* v. *Tholcke,* 113 Cal. 147, 35 L. R. A. 267, 45 Pac. 266.)

The city is liable for trees growing in the street where the limbs overhang low and do injury to the traveler. (*Embler* v. *Wallkill,* 57 Hun (N. Y.), 384, 10 N. Y. Supp. 797; *City of Louisville* v. *Michels,* 114 Ky. 551, 71 S. W. 511.) Where a tree falls through negligence in its maintenance, and the city had notice of its defects as existed for such a length of time that the city ought to have notice thereof, the city is liable. (*Chase* v. *City of Lowell, supra; Morris* v. *Salt Lake City,* 25 Utah, 474, 101 Pac. 373; *Duffy* v. *Dubuque,* 63 Iowa, 171, 50 Am. Rep. 743, 18 N. W. 900; *McGarey* v. *New York,* 89 App. Div. 500, 85 N. Y. Supp. 861; *Dyer* v. *Danbury,* 85 Conn. 128, Ann. Cas. 1913A, 784, 39 L. R. A. (n. s.) 405, 81 Atl. 958; *City of Indianapolis* v. *Slider,* 56 Ind. App. 230, 105 N. E. 56;

*Lundy* v. *City of Sedalia,* 162 Mo. App. 218, 144 S. W. 889;
*City of Louisville* v. *Michels,* 114 Ky. 551, 71 S. W. 511; 28 Cyc.
1378 (58).)

On the other hand, even though a tree is defective, weak or
decayed, still if its outward appearance is such as to indicate
that it is not dangerous, the city it not liable, even though it
falls and injures some person rightfully upon the highway.
(28 Cyc. 1379 (59); *Gubasko* v. *New York,* 14 Daly (N. N.),
559, 1 N. Y. Supp. 215; *Jones* v. *Greensboro,* 124 N. C. 310, 32
S. E. 675; *Miller* v. *Detroit,* 156 Mich. 630, 132 Am. St. Rep.
537, 16 Ann. Cas. 832, 121 N. W. 490.)

The ownership of the premises bears no relation whatever to
the maintenance of the old cesspool, it being filled or being, as
claimed, a dangerous agency. The liability, if any, arises and
is fixed not by ownership, but by control and maintenance.
(*City of Lincoln* v. *First Nat. Bank,* 67 Neb. 401, 108 Am. St.
Rep. 690, 60 L. R. A. 923, 93 N. W. 698; *Martin (Wasson)* v.
*Pettit,* 117 N. Y. 118, 5 L. R. A. 794, 22 N. E. 566; *Irvine* v.
*Wood,* 51 N. Y. 224, 10 Am. Rep. 603.)

The court erred in not giving appellant's offered instruction
to the effect that if the deceased voluntarily deviated from the
traveled track of the road, for his own convenience, and was
killed as a consequence thereof, that he would be guilty
of contributory negligence and no recovery could be had.
(*Howard* v. *Flathead etc. Tel. Co.,* 49 Mont. 197, 141 Pac. 153;
*Sweetman* v. *City of Green Bay,* 147 Wis. 586, 132 N. W.
1111; *Kelley* v. *Town of Fond du Lac,* 31 Wis. 179; *Carey* v.
*Hubbardston,* 172 Mass. 106, 51 N. E. 521; *Moore* v. *Great
Northern Ry. Co.,* 58 Wash. 1, 28 L. R. A. (n. s.) 410, 107
Pac. 852; *City of Denver* v. *Utzler,* 38 Colo. 300, 120 Am. St.
Rep. 108, 8 L. R. A. (n. s.) 77, 88 Pac. 143; *Biggs* v. *Hunting-
ton,* 32 W. Va. 55, 9 S. E. 51; *Thunborg* v. *City of Pueblo,* 45
Colo. 337, 101 Pac. 399.) It would have been absolutely im-
possible for the deceased to have been injured by the falling
of the tree, if he had kept to the traveled portion of the road.

*Messrs. Patterson & Heyfron* and *Messrs. Hall & Pope,* for Respondent, submitted a brief; *Mr. Walter L. Pope* argued the cause orally.

The occupier or person using a cavity, cesspool, coal-hole or other area under a street owes a duty at least to exercise reasonable care to maintain and leave such opening in a safe condition. (*Taylor* v. *Whitehead,* 2 Doug. 745, 99 Eng. Reprint, 475; *Dickson* v. *Hollister,* 123 Pa. St. 421, 10 Am. St. Rep. 533, 16 Atl. 484; *Stevenson* v. *Joy,* 152 Mass. 45, 25 N. E. 78.) The foregoing cases are cited for the purpose of showing that one who uses an area under a highway does owe a duty with respect to the same—a duty to use reasonable care in preventing its becoming a source of danger to others. It is no answer to say, as does appellant, that the duty to repair the street was upon the city. That very contention was expressly considered and disposed of adversely to appellant's contention in the case of *Wickwire* v. *Town of Angola,* 4 Ind. App. 253, 30 N. E. 917.

Where A owns the surface of land and B lawfully excavates or occupies space under the surface, B owes an absolute duty to furnish subjacent support for the surface owned by A. (Cooley on Torts, 595; 1 R. C. L. 395; *Robertson* v. *Youghiogheny River Coal Co.,* 172 Pa. St. 566, 571, 33 Atl. 706.) The duty is to support not only the land but also structures and buildings built thereon. (Clark & Lindsell on Torts, 6th ed., 478; 1 R. C. L. 396, note 11.) On principle, trees should be in the same category as buildings and structures. The analogous rule in the case of lateral support has been applied to cases involving highways. (*Village of Haverstraw* v. *Eckerson,* 192 N. Y. 54, 20 L. R. A. (n. s.) 287, 84 N. E. 578; 13 R. C. L. 149; McQuillin on Municipal Corporations, sec. 1347), and has been applied to cases of injury to persons as well as to property. (*Mayhew* v. *Burns,* 103 Ind. 328, 2 N. E. 793.)

HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, delivered the opinion of the court.

Defendant below, appellant here, owned a tract of land in Missoula county approximately 300 feet square, adjacent to the city of Missoula, upon which her residence was located. In the year 1890 or 1891 she dug a cesspool near the eastern boundary of the tract. The cesspool was five or six feet in diameter and twelve to fifteen feet deep. About six feet below the surface of the earth thick boards were placed over the lower portion thereof, and the portion above the boards was filled with dirt so as to be level with the earth except for a ventilation pipe. The next year Canadian poplar trees were planted around the premises, one of which was planted over the cesspool slightly to the west of the center of it. In 1898 this tract of land was included within the limits of the city of Missoula and designated as a block, with Ronald Avenue paralleling the east side and including the land upon which the cesspool and tree were located. After the dedication of Ronald Avenue, defendant continued to use the cesspool until April, 1918, when a new one was constructed just inside her block line. The boards in the old one had decayed, permitting the earth above them to cave into the cavity below, leaving the roots of the tree unsupported so far as they extended across and down into the excavation. The dirt and gravel taken from the new cesspool were placed in the old one to the extent of making the surface higher than the surrounding ground; however, it was not tamped nor was it settled with water or by any other means except the "poking" of the same with shovel blades. The sewerage pipes from the house were then connected with the new cesspool, and the placing of the dirt and gravel in the old one ended defendant's relation with it, and it remained in the condition as left by her until the 10th of the following July, when the tree growing over the cesspool was blown over, striking and killing Merrick J. Smith, who was driving a delivery

wagon along Ronald Avenue and evidently drove under the tree seeking shelter from the storm then prevailing.

This action was prosecuted against defendant by the heirs of deceased for negligently having and maintaining the cesspool and tree in the condition described, and negligently cutting the roots of the tree in digging the new cesspool. They recovered a judgment for $5,000. An order was made overruling defendant's motion for a new trial, and from the judgment and this order these appeals are taken.

There is no substantial dispute on the material facts. The defense was that the duty of handling, rehabilitating or disposing of the tree rested solely and entirely with the city of Missoula; that there was no negligence on the part of the defendant; that deceased's death was caused by an accident which could not have been foreseen—an act of God; and that decedent was guilty of contributory negligence in failing to pursue the used and traveled portion of the street.

The cesspool was dug and the tree planted by defendant [1-3] upon her own property, which later became a public street, and for twenty years thereafter she maintained the cesspool for her private use. Under such facts, defendant's contention that she had no authority over the tree growing in the street is untenable, if her negligent use of the street in connection with the cesspool over which the tree grew, or the cutting of the roots, was the proximate cause of the tree falling. The acts of negligence alleged are independent of each other, and it is not necessary to prove all. A recovery will be upheld upon proof of one of them, if the act proven is shown to be a proximate cause of the injury. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Moyse* v. *Northern Pacific Ry. Co.,* 41 Mont. 272, 108 Pac. 1062; *Mize* v. *Rocky Mt. Bell Tel. Co.,* 38 Mont. 521, 129 Am. St. Rep. 659, 16 Ann. Cas. 1189, 100 Pac. 971.)

The right of an abutting owner to the use of a street is subordinate to the right of the public, and the use thereof by an abutting owner imposes upon him the duty to exercise due care that his use shall not become dangerous to anyone using the

street as a public thoroughfare; and hence, when an individual passing along the street, in an ordinarily prudent manner, sustains injury as a result of the negligent use of the same by an abutting owner, a private action accrues to him against the person so using the street. (*Hayes* v. *Michigan Central Ry. Co.*, 111 U. S. 228, 28 L. Ed. 410, 4 Sup. Ct. Rep. 369 [see, also, Rose's U. S. Notes]; *Weller* v. *McCormick*, 52 N. J. L. 470, 8 L. R. A. 798, 19 Atl. 1101; 28 Cyc. 1439; Cooley on Torts, 626.)

Having determined that plaintiffs could properly institute an [4] action of this character against defendant, we shall consider together the next two theories of the defense, namely, lack of negligence on the part of defendant and the act of God. We shall not consider the proposition of maintaining a nuisance as urged by plaintiffs, except so far as it aids in determining the question of negligence (*Robinson* v. *Mills*, 25 Mont. 391, 65 Pac. 114; 20 R. C. L., sec. 3, p. 381), for it was not pleaded, and the case was not tried on that theory, but on the theory of negligence.

If the tree withstood the ordinary wind and rain storm and was blown down by an extraordinary and unprecedented storm which would have blown it over if the ground under it had been as nature made it, that would be an act of God, and the defendant would not be liable. If, on the other hand, the tree was blown over by reason of a prior or coincident negligent act of defendant, she is liable because her act was *causa sine qua non*. (*Meisner* v. *City of Dillon*, 29 Mont. 116, 74 Pac. 130; *Mulrone* v. *Marshall*, 35 Mont. 238, 88 Pac. 797; *Birsch* v. *Citizens' El. Co.*, 36 Mont. 574, 93 Pac. 940; *Frederick* v. *Hale, supra; Lyon* v. *Chicago, M. & St. P. Ry. Co.*, 45 Mont. 33, 121 Pac. 886; *Holter Hardware Co.* v. *Western M. T. G. etc. Co.*, 51 Mont. 94, L. R. A. 1915F, 835, 149 Pac. 489.)

While the windstorm of July 10 was an unprecedented one at Missoula, yet there is no evidence that trees of a like kind and size rooted in the unmolested earth were blown over or disturbed so far as their earthly anchorings were concerned.

The tree in question was not uprooted. The roots unsupported by firm earth gave way at the instance of the storm, and the tree slipped into the cesspool space which had been filled with loose dirt and gravel, and fell to an angle of approximately forty-five degrees. These physical facts, which speak louder than words, together with the additional fact that no other trees of a like character suffered the same calamity, would convince the ordinary person that it fell because it was founded upon insecure earth. Hence we must conclude that the tree would not have fallen had it not been for the cavity under it, which had been filled with loose dirt and gravel, and it necessarily follows that the cause of its falling was the windstorm and the negligence of defendant. This being so, defendant's negligence is determined to be the proximate cause of the injury under the well-recognized rule that, where two causes contribute to an injury or death, one of which is the negligence of the defendant and for the other of which neither party is responsible, the defendant is liable, if the injury or death would not have occurred but for his negligence. (*Holter Hardware Co.* v. *Western M. T. G. etc. Co., supra; Lyon* v. *Chicago, M. & St. P. Ry. Co., supra; Frederick* v. *Hale, supra.*)

On the last defense—that of contributory negligence—counsel insists that the trial court erred in refusing his offered [5] instruction to the effect that, if the deceased voluntarily deviated from the traveled track of the road, for his own convenience, and was killed as a consequence thereof, he would be guilty of contributory negligence and recovery could not be had. In support of this contention counsel urged *Howard* v. *Flathead Independent Tel. Co.,* 49 Mont. 197, 141 Pac. 153. In that case Howard, when injured, was, without excuse, off the graded portion of the highway which had been prepared for use and was in good condition. With such facts before it, this court announced the rule that "When a sufficient portion of the public highway is graded or otherwise prepared for travel, the invitation to the public to use the highway is confined to the prepared or used portion, and the duty then de-

volves upon the traveler to keep within that portion prepared for his use to which his invitation extends, and for injuries received outside of that portion he cannot recover, unless he can excuse his presence at the place where he was injured."

No such state of facts as called forth the above rule exists in the instant case. Here we have a street within a city, presumably its entire width, from curb to curb, prepared for travel. No evidence was offered to rebut this presumption or to show that deceased was off the portion of the street prepared for travel, if any limited portion was so prepared. The instruction was properly refused.

We find no error in the record. The judgment and order appealed from are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.