KIRK, RESPONDENT, v. MONTANA TRANSFER CO.,
APPELLANT.

(No. 4,034.)

(Submitted September 18, 1919.   Decided October 17, 1919.)

[184 Pac. 987.]

*Personal Injuries—Corporations—Master and Servant—Torts of Servant — Scope of Authority — Jury Question — Evidence— Offer of Proof—Instructions—Abstract Propositions—Harmless Error—Excessive Verdicts.*

Personal Injuries—Corporations—Master and Servant—Tort of Servant—Ratification.
1.  Defendant transfer company's employees took possession of and removed an article of furniture from plaintiff's residence, conveying it to its warehouse as security for moving charges, and while in the act of removing it, injured plaintiff.  *Held,* in an action for damages, that the court properly permitted one of the company's officers to be asked the question whether it then had such article in its possession, for the purpose of showing ratification by. it of the employees' act.
    [As to effect of ratification, see note in 5 **Am. St. Rep.** 109.]

Trial—Offer of Proof—When Rejection Proper.
2.  Where the fact sought to be established by an offer of proof was already in evidence, rejection of the offer was not error.

Same—Instructions—Abstract Propositions—Harmless Error.
3.  The facts in a given case being few and simple, and of such a nature that general principles of law may be easily applied, the giving of an instruction embodying abstract propositions, though open to criticism, is not reversible error.

Same—Instructions—Review—Duty of Appellant.
4.  A party not satisfied with instructions proposed or given by the court must tender such as are deemed to embody principles applicable, else he cannot complain on appeal.

Personal Injuries—Tort of Servant—Scope of Authority—Jury Question.
5.  Whether defendant company's employee was acting within the scope of his authority when he forcibly removed an article of furniture from plaintiff's residence as security for moving charges was a question for the jury's decision.

Same—Corporations—Liability for Agent's Wrongful Acts.
6.  A corporation whose agent, in the discharge of duties intrusted to him by it, and within the apparent scope of his authority, does an act, whereby another suffers injury, is liable for the damages, though its agent may have failed in his duty to it or disobeyed instructions.

Same—Principal and Agent—When Agent's Tort Within Course of Employment.
7.  The tort of an agent is within the course of his employment where he, in performing it, is endeavoring to promote the principal's business.

Same—Corporations—Tortious Act of Agent—Ratification by Principal—
Retention of Benefit.
> 8.    Defendant company, with knowledge of the situation, having ac-
> cepted the benefits of the wrongful acts of its employees by retaining
> the article of furniture forcibly taken from plaintiff's possession,
> thereby ratified them and was liable to plaintiff for damages occa-
> sioned for personal injuries received while the employees were in the
> act of removing the furniture.

Same—Excessive Verdict—Extent of Review on Appeal.
> 9.    Unless the jury's award in a personal injury action is such as
> to shock the conscience and compel the conclusion that the verdict
> was the result of passion and prejudice, it will not be disturbed on
> appeal.

*Appeal from District Court, Silver Bow County; J. J. Lynch,
Judge.*

ACTION by Eva Kirk against the Montana Transfer Company
and another. From a judgment for plaintiff and from an
order denying it a new trial, the defendant company appeals.
Affirmed.

*Messrs. Frank & Gaines,* for Appellant, submitted a brief;
*Mr. R. F. Gaines* argued the cause orally.

This case falls within two modifications of the general prin-
ciple as to what is "scope of authority," to-wit: That the ser-
vant was at the time of the assault engaged in furthering his
own ends rather than in rendering a service to his employer;
and that the servant had so behaved as that it could not be said
in reason that he was acting in pursuance of any authority
conferred.    These modifications are recognized in cases where
employees have attempted to make collections and in the course
thereof have committed assaults.    The decided cases holding the
employer not liable have said, first, that express authority con-
ferred to make collections carries with it no implication of au-
thority to resort to force or to seize property to further the ends
of the employer; and, second, in cases where the employee is
personally liable to the employer for deliveries of goods made
without collection by the employee, that it is clearly the em-
ployee's own business he is furthering, as payment to the master
is a matter of business between the employee and the employer

and not between the employer and customer. These views are sustained by abundant authority; are undoubtedly the law; and, being such, prevent respondent from recovering judgment from appellant in this case. Each of the cases hereafter cited bears directly upon these questions and are, we submit, determinative of them in our favor. (*Johanson* v. *Pioneer Fuel Co.*, 72 Minn. 405, 75 N. W. 719; *Meehan* v. *Morewood*, 52 Hun, 566, 5 N. Y. Supp. 710; *Callahan* v. *Hyland*, 59 Ill. App. 347; *McDermott* v. *American Brewing Co.*, 105 La. 124, 83 Am. St. Rep. 225, 52 L. R. A. 684, 29 South. 498; *Steinman* v. *Baltimore etc. Laundry Co.*, 109 Md. 62, 21 L. R. A. (n. s.) 884, 71 Atl. 517; *Matsuda* v. *Hammond*, 77 Wash. 120, 51 L. R. A. (n. s.) 920, 137 Pac. 328; *Murphy* v. *Buckley etc. Co.*, 151 App. Div. 520, 136 N. Y. Supp. 309.)

*Mr. James M. Hinkle,* for Respondent, submitted a brief, and one in reply to that of appellant, and argued the cause orally.

The liability of the principal for torts committed by his agent is not limited to torts which he has expressly authorized or directed. He is liable for all the torts which his agent commits in the actual or apparent course of his employment, and if the agent commits a tort in the apparent course of his employment, the principal is liable therefor, even though he was ignorant thereof and the agent exceeded his actual authority or disobeyed the express instructions of his principal. (*Smith* v. *Munch*, 65 Minn. 256, 68 N. W. 19; *Gibson* v. *Dupree*, 26 Colo. App. 324, 144 Pac. 1133; *Keedy* v. *Howe*, 72 Ill. 133, 136; *Ellinghouse* v. *Ajax Live Stock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481, 485; *Richberger* v. *American Express Co.*, 73 Miss. 161, 55 Am. St. Rep. 522, 31 L. R. A. 390, 18 South. 922; 31 Cyc. 1582, 1583; 2 Corpus Juris, 2, 848.)

Whether the acts of a servant were in the execution of his master's business within the scope of employment or not must, from the nature of things, in most cases be a question of fact for the jury. (*Ritchie* v. *Waller*, 63 Conn. 155, 38 Am. St. Rep. 361, 27 L. R. A. 161, 28 Atl. 29; *Sharp* v. *Erie R. R. Co.*,

184 N. Y. 100, 6 Ann. Cas. 250, 76 N. E. 923.)   For ratification of agent's acts, see *Avakian* v. *Noble*, 121 Cal. 216, 53 Pac. 559; 2 Corpus Juris, 470, 847–851.

MR. JUSTICE HURLY delivered the opinion of the court.

Plaintiff seeks to recover damages from the defendant corporation and Charles Van for certain injuries sustained by her by reason of an assault alleged to have been made upon her by Van, while said Van, acting as an agent and employee of the defendant corporation, was moving certain household goods of the plaintiff under a contract between plaintiff and defendant corporation.

A trial was had to a jury, and verdict was rendered for the plaintiff in the sum of $750.   Motion for a new trial was denied, and appeal was taken by defendant company from the judgment and the order denying such motion.

The facts are substantially as follows: The plaintiff engaged the defendant company to move certain household goods from one location in Butte to another.   One load had been hauled at the price which had been originally agreed upon, but before the hauling of the second load the defendant company advised plaintiff that it would charge a higher price for moving the balance of the goods.   After the second load was taken, the plaintiff telephoned to the office of the defendant company and notified the persons in charge that she did not care to have any more goods hauled.   Following this conversation, the teamster, Van, with an assistant, called at the home of the plaintiff and was then informed by her that she had notified the company not to haul any more goods, and had made arrangements for the payment of the work already done, on the following day, after an opportunity to ascertain whether the goods had been properly handled in moving.   Van then asserted that he had come to move the goods, and would not be put off from completing the work and receiving his pay therefor, and some words occurred between him and the plaintiff as to payment.   Van then took hold of a refrigerator in the room and started to move it out,

either in accordance with his statement that he was going to finish the job of moving, or for the purpose of holding the refrigerator as security for the amount of the unpaid charges. The plaintiff resisted his moving the refrigerator, and was injured by its being thrown against her by Van. Van and his assistant carried the refrigerator out of the house to one of the wagons of the defendant company, taking it to the office or warehouse of the company, where it remained at the time of the trial, nearly seven months afterward, though written demand for its return had previously been made. It also appears that the company's foreman, who had general supervision of the work of teamsters, was present and witnessed the altercation and the removal of the refrigerator.

The answer admits that Van was an employee of the defendant company, admits the contract of moving, and admits that among the articles moved by the company was the refrigerator in question, and in addition contained a general denial.

It was the rule of defendant company that, when drivers were notified that work done by them should be paid for at completion, unless they collected therefor the amount would be deducted from their wages.

Complaint is made of the ruling of the court in permitting [1] plaintiff's counsel to interrogate one of the officers of the defendant corporation as to whether or not the refrigerator was still in its possession. Plaintiff's purpose in offering this testimony was to show ratification of the act of the employee in taking the refrigerator, and we see no error in the ruling of the court.

Defendant company's president and vice-president testified [2] in their direct examination to the effect that no credit had been extended to plaintiff in connection with the moving in question, and that the work was what was termed in the office a "C. O. D. job." The defendant later offered to prove that the plaintiff never had enjoyed any credit privileges with it. This offer of proof was objected to and the offered evidence excluded. The defendant already having established affirma-

tively that the particular contract was not upon a credit basis, we fail to see where this evidence would have any relevancy, and, even if relevant, the jury had already been apprised of the fact that no credit had been extended to the plaintiff.

Objection was made to the giving of instructions 3, 4 and 6, [3] upon the ground that such instructions were abstract statements of law and not applicable to the issues, and for the further reason that it was error not to make such instructions more concrete; also that such instructions did not embody certain rules applicable to the issue.

This court has criticised the giving of abstract, rather than concrete, instructions; but in this case, as said by Mr. Justice Holloway in *Mulrone* v. *Marshall,* 35 Mont. 238, 88 Pac. 797: "While the instruction is open to the criticism that it merely states an abstract legal principle, since the facts in this case are few and simple, and of such a nature that general principles of law may be easily applied, we think the error in giving it was without prejudice."

The court has likewise stated in numerous decisions that when [4] parties are not satisfied with the instructions proposed or given by the court, it is their duty to propose instructions embodying principles applicable to the issues, thereby supplying the omissions or deficiencies in those proposed. (*Hollenback* v. *Stone & Webster Eng. Corp.,* 46 Mont. 559, 129 Pac. 1058; *Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Gillies* v. *Clarke Fork Coal Min. Co.,* 32 Mont. 320, 80 Pac. 370.)

Error is also specified because of the court's refusal to give [5] defendants' proposed instructions 3, 4 and 5. These were to the effect, (3) that if the teamster, Van, committed the assault in attempting to collect money for which he was personally liable to the company, but had not been authorized to seize property for that purpose, (4) that if Van, failing to collect, attempted to take security, (5) or that if, in the absence of a direction from his employer, Van used force or seized property, then, in either or all of such events, a verdict should be returned for defendant company. But under an instruction given

by the court, the jury were advised that plaintiff could not recover unless Van was acting within the scope of his authority. There was no error in the court's refusal to give the instructions proposed. Whether he was so acting was a question for the jury. (*Ritchie* v. *Waller*, 63 Conn. 155, 38 Am. St. Rep. 361, 27 L. R. A. 161, 28 Atl. 29; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100, 6 Ann. Cas. 250, 76 N. E. 923; *Gibson* v. *Dupree*, 26 Colo. App. 324, 144 Pac. 1133.) The instruction given sufficiently stated the rule.

In *Grorud* v. *Lossl*, 48 Mont. 274, 136 Pac. 1069, Mr. Chief **[6]** Justice Brantly stated: "By the great weight of authority it is also the rule that when an agent of a corporation in the course of the discharge of duties intrusted to him by it, and within the apparent scope of his authority, does an act from which a third person suffers injury, the corporation also is liable for the damages flowing therefrom, even though the agent may have failed in his duty to the principal, or may have disobeyed his instruction." (See, also, 2 C. J. 948.)

Further: "The tort of an agent is within the course of his **[7]** employment where the agent, in performing it, is endeavoring to promote the principal's business." (2 C. J. 853, and cases cited; *Smith* v. *Munch*, 65 Minn. 256, 68 N. W. 19; *Gibson* v. *Dupree, supra.*)

The company employed Van to move the goods and collect therefor. That in doing one or both of these duties he committed the assault has been determined by the verdict of the jury.

In addition, the record shows that the defendant company, **[8]** with knowledge of the situation, accepted the benefits of Van's conduct by retaining the refrigerator, and thereby ratified his acts. (2 C. J. 854; *Jones* v. *Shannon*, 55 Mont. 225, 175 Pac. 882.)

Complaint is made that the damages awarded were excessive. **[9]** For the reasons stated in *White* v. *Chicago etc. Ry. Co.*, 49 Mont. 419, 143 Pac. 561, we do not feel that we should diminish the amount of the recovery.

We find no variance between the pleadings and the proof and no error in denying defendant's motion for a directed verdict nor the order denying the motion for a new trial.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLO-WAY, PATTEN and COOPER concur.