**MASON et al. v. NIBEL.**

No. 17437.   Opinion Filed Jan. 10, 1928.

(Syllabus.)

1. **Master and Servant—Proof that Acts of Servant Within Scope of Employment—Acts and Declarations of Servant Insufficient.**

The acts and declarations of a servant are not sufficient, within themselves, to establish the fact that certain acts of the servant are within the scope of his master's employment.

2. **Same—Ratification of Servant's Acts by Master—Burden of Proof.**

Where the evidence fails to show that the acts done by a servant are within the scope of his employment, before the master can be bound by such unauthorized acts, it is essential that the evidence show that the master, with full knowledge of such unau-

thorized· acts, accepted the fruits thereof, and thereby ratified the same; and in this case the burden of proof was on the plaintiff to show these facts.

### 3. Conversion—Necessity that Taking be Without Consent.

Where a party sues for conversion of his property, he must allege and prove that it was taken and appropriated without his consent. And if such party expressly or impliedly assents to the taking, use, or disposition of his property, he cannot recover for conversion thereof.

### 4. Estoppel—Estopped by Conduct to Deny State of Facts.

If a person by his representations and conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny the existence of such state of facts. Underwood v Purcell Wholesale Grocery Co., 87 Okla. 94, 209 Pac. 736.

·Commissioners' Opinion, Division No. 2.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by A. H. Nibel against D. B. Mason and Dale Mooney. Judgment for plaintiff against each of the defendants, from which defendants appeal. Reversed and remanded, with directions as to defendant D. B. Mason and affirmed as to Dale Mooney.

Hulette F. Aby, William F. Tucker, and Frank Settle, for plaintiffs in error.

J. A. Watson, for defendant in error.

REID, C. The plaintiff, A. H. Nibel, alleged that he was the owner and in possession of about 3,000 barrels of crude oil, which was on the land of one Wilson, and was making preparation to place said oil in tanks and dispose of the same on a ready market at the sum of 90 cents per barrel, and that Dale Mooney, a defendant, acting for himself and D. B. Mason, another defendant, converted said oil to the use of himself and Mason; that said oil was taken and converted by said defendants without the consent of plaintiff, and after said plaintiff had notified defendants not to take the oil. He prayed judgment against each defendant for $2,700.

The defendants filed separate answers, which were, in substance, general denials. Trial was had to a jury, which resulted in a verdict of $1,000 against each of the defendants, from which they appeal.

The evidence, though vague and unsatisfactory in some particulars, shows that the plaintiff, Mooney, and Whitmore were the employees of Mason in the operation of a producing oil lease in Creek county; that Whitmore was the superintendent of the lease, and that Mooney and the plaintiff were laborers in the operations on the lease. It appears that the Loraine Oil Company had drilled in a well of large production above the Mason lease, and that some of the oil escaped from the Loraine well and came down a branch through the Mason lease on the lands of Wilson. The plaintiff obtained the consent of Wilson and dammed the branch, recovering approximately 3,000 barrels of this loose oil.

With this situation, the plaintiff testified that he and Mooney then agreed to be thereafter jointly interested in the oil, and that by the use of the pumps and water lines of Mason, they transferred the oil into five battery tanks owned by Mason and used by him in the operation of his lease; that this was agreed to and done by him upon the statement of Mooney that they would be paid for the oil. However, it should be here stated that there is no evidence whatever that Mason had directly or impliedly authorized this agreement by Mooney, or that these parties had any right to place the oil in the tanks of Mason.

The plaintiff further testified that, after they placed the oil in the battery tanks, he concluded to sell his part of it to another party; and when he attempted to make delivery he was forbidden by Mooney to remove it, who stated that he had such instructions from Whitmore, and that he complied with the command. And upon this act and declaration of Mooney the charge of conversion against Mooney and Mason is sought to be sustained; together with the additional testimony of the plaintiff that he was present when the gauger for the pipe line company, purchasing the oil from Mason, turned plaintiff's oil into the pipe line.

Aside from what Mooney said and did, as testified to by the plaintiff, there is no evidence showing that Mooney had any authority from Mason, or from any person authorized to speak for him, to make any agreement in regard to his oil, or to do any act in the appropriation of it for Mason. Certainly the acts and declarations of Mooney are not sufficient, within themselves, to show such authority, or that he was acting within the scope of his employment. Oklahoma Automobile Co. v. Benner, 70 Okla. 261, 174 Pac. 567; Bale v. Wright, 120 Okla. 174, 252 Pac. 56; Whitehorn v. Mosier, 119 Okla. 155, 245 Pac. 553.

When a servant acts beyond the scope of his employment, either express or implied, the master is not bound unless he ratifies the unauthorized acts of the servant. There is nothing in the evidence to show that Mason, with knowledge of what had been done by the servant Mooney, ratified his acts. The only circumstance which could be claimed was a ratification by Mooney is the fact testified to by the plaintiff, that the oil came into the possession of Mason, and from this the conclusion is sought to be drawn that he received the proceeds therefrom, but if this occurred, it was without the knowledge of Mason, and therefore cou'd not be a ratification by him. Thorp Oil & Specialty Co. v. Home Oil Ref. Co., 79 Okla. 225, 192 Pac. 573.

It is the law that, if a party intermix his personal property with that of another, without any fraudulent or wrongful intent, as to such property, while the same remains in the hands of the other party, the law regards them as cotenants, and while this situation exists, the party intermixing has the right to separate his property from the general mass and take it away. And if the other party forbids or prevents this, he is guilty of conversion. Pickering v. Moore, 67 N. H. 553, 68 A. S. R. 695. But this is not this case. If Mooney prevented the plaintiff from taking his oil away, he acted for himself alone.

Where a party sues for conversion of his property, he must allege and prove that the property was taken or appropriated without his consent, and if he expressly or impliedly assents to the appropriation, taking, use or disposition of his property, he cannot recover for conversion of it. Aylesbury Merc. Co. v Fitch, 22 Okla. 475, 99 Pac. 1089; Dodd-Lear Hdw. Lumber Co. v. Gyr, 44 Okla. 630, 146 Pac. 16.

Without any authority the oil was placed by the plaintiff and Mooney in the battery tanks of Mason, and the plaintiff was present when the gauger of the pipe line company turned the oil into the pipe lines from the tanks, and made no objections thereto.

Having in view the fact that the sufficiency of the testimony to sustain the verdict is assigned as error by each of the defendants, we have discussed all the evidence favorable to the plaintiff. However, it might be here stated that Whitmore, the superintendent, and Mason, each testified that they never heard of this transaction until the suit was filed; that neither of these employees had any authority to do what was claimed by the plaintiff to have been done by them in the matter. And, as corroborative of this; is the testimony of the plaintiff himself, as well as that of Mason and Whitmore, that the pipe line company was taking only 65 per cent. of the oil produced by Mason from his own lease, and the plaintiff says he knew this at the time.

With this condition of the testimony the trial court erred in overruling Mason's demurrer to the evidence of the plaintiff, and also erred in refusing to instruct the jury, at the close of all the testimony, to return a verdict for the defendant Mason.

Having seen that Mooney had no authority to bind Mason, we will now consider the question as to whether he created any liability against himself.

Mooney did not testify in the case, and as to what occurred between him and the plaintiff, we have only the testimony of the plaintiff, who testified that the oil was placed in the battery tanks of Mason upon the statement that they would be paid for the oil. While this would not bind Mooney in this action for conversion, yet it is an explanation, as between these parties, as to how the oil came into the tanks. Plaintiff further says that he was about to remove his oil from these tanks, but that Mooney forbade his doing so, saying that the superintendent had told him that they must let the oil remain in the tanks, and that he did not resist the direction of Mooney, believing that it came from one having authority, and that he thereby lost his oil.

In the case of Underwood v. Purcell Wholesale Grocery Co., 87 Okla. 94, 209 Pac. 736, this court said:

"If a person by his representations and conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny the existence of such state of facts."

Under the evidence in the case, Mooney cannot now be heard to deny his assumed authority, and the evidence as to him makes him liable for the conversion of plaintiff's part of the oil; and no errors require a reversal of this case as to him.

The case should be affirmed as to the defendant Dale Mooney, and be reversed and remanded, with directions to enter judgment for the defendant D. B. Mason.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 39 C. J. p. 1360, §1590. (2) 39 C. J. p. 1355, §1581 (Anno); 18 R. C. L. p. 802; 3 R. C. L. Supp. p. 850; 4 R. C. L. Supp. p. 1207. (3) 38 Cyc. p. 2008; 26 R. C. L. p. 1145; 6 R. C. L. p. 1586. (4) 21 C. J. p. 1202, §205; 26 R. C. L. p. 1145, 1146; 10 R. C. L. p. 691.