## GOODWIN v. STATE ex rel. CRANDALL, County Atty.

### No. 22293.    April 10, 1934.

Mauntel & Spellman and E. W. Snoddy, for plaintiff in error.

H. C. Crandall, for defendant in error.

BUSBY, J. This is an action commenced and maintained by the state of Oklahoma on the relation of the county attorney of Woods county to recover the penal sum provided in a forfeited criminal appearance bond from T. G. Goodwin, the surety on such bond. The trial of the case to a jury in the district court of Woods county resulted in a judgment against the defendant, who appeals to this court. The parties will be referred to as they appeared in the trial court.

The appearance bond in question was approved by the county judge of Woods county acting as an examining magistrate. It was conditioned for the appearance of one Mortimer Welch, a grandson of the defendant, who had on preliminary hearing in the county court of Woods county been held for trial in the district court on a felony charge. It appears that the defendant, who signed the bond as surety, was licensed to practice law, although he devoted only a portion of his time to that profession. He had been in the county courtroom during the preliminary hearing, but had taken no active part therein. It was not apparent to an observer whether he appeared as a friend and relative of the defendant or as counsel for the defendant. The defense of the criminal case was conducted by other attorneys.

Thereafter the defendant appeared before the county judge of Woods county and presented the appearance bond in question in this case. The county judge appeared as a witness in behalf of the plaintiff and gave his version of what transpired at the time the appearance bond was presented and approved. He testified that at the time the defendant appeared for the purpose of signing and procuring the approval of the appearance bond in question inquiry was made as to the defendant's connection with the criminal case in which the bond was executed. The county judge testified that he advised the defendant that the bond would not be approved if the defendant had been acting or might in the future act as counsel in the criminal case against his grandson. He further testified that the defendant assured him that he had not been and would not in the future be connected with his grandson's case as an attorney; that other attorneys had been employed for the purpose of defending his relative. The testimony of the county judge likewise shows

that he relied upon these statements and was thereby induced to approve the appearance bond in question. The defendant, on the other hand, denied the representations to the county judge and asserted in his testimony that he was at all times acting in an advisory capacity as counsel for his grandson.

It is the contention of the defendant that the bond in question was and is absolutely void by reason of section 4209, O. S. 1931, which provides:

"Licensed attorneys of this state are prohibited from signing any bonds as surety in any civil or criminal action in which they may be employed as counselors, pending or about to be commenced in any of the courts of this state, or before any justice of the peace. All such bonds shall be absolutely void, and no penalty can be recovered of the attorney signing the same."

The effect of the foregoing statute is to render void any bond signed by a licensed attorney as surety if such attorney may be employed in the case in which such bond is executed. Schaffer v. Troutwein, 36 Okla. 653, 120 P. 696. However, it does not prevent attorneys from becoming sureties on bonds connected with cases in which they have no professional interest.

The validity of the bond involved herein depends entirely on a question of fact. The circumstances in this case were such that the officers charged with the duty of approving the bond could best determine the facts affecting its validity by inquiry of the defendant himself.

The plaintiff presented this case in the trial court on two theories: First, that the defendant was not in fact an attorney for his grandson. Second, that even if he was acting in that capacity, he was estopped to assert that fact by reason of the representations made by him to the county judge to procure the approval of the appearance bond.

The trial court approved as applicable to the facts in the case both of the plaintiff's theories and submitted the question of fact involved to the jury by appropriate instructions. The defendant urges that the trial court erred in submitting any question relating to estoppel to the jury. He asserts that an illegal contract cannot be validated by estoppel and that section 4209, supra, renders the contract in question illegal and void.

It may be, frequently is, stated that as a general principle of law an illegal contract cannot be rendered legal by estoppel. 13 C.

**6**

J. 506, section 453; 10 R. C. L., page 801. This principle is but a part of the broader principle that a court will not enforce an illegal contract, but will leave the parties to such contracts where it finds them. The principle is applicable to contracts where the parties thereto are in pari delicto. It is applicable to contracts illegal on their face or illegal by reason of some facts known or which should have been known by the parties at the time the agreement was made. It is also applicable to contracts which are illegal by reason of the object sought to be accomplished thereby. It has no application to a contract valid on its face executed for a legal purpose which one of the parties was induced to enter into by false statements made by the other party, which statements, if true, would have precluded all probability of the contract being held illegal, where the enforcement is sought by the innocent party. Courts are not reluctant to enforce contracts at the instance of innocent parties as against parties to the contract who enter into the agreement for an illegal purpose, or with knowledge of facts which if known to both of the parties would have rendered the contract illegal and void. Thus in 13 C. J., at page 517, it is said:

"Where an agreement is lawful on its face, or is capable of being executed in a lawful way, and the intention of one of the parties is that it be so executed, he is entitled to enforce it notwithstanding the other party intended an illegal act, if the first person was unaware of the illegal intention."

And in 13 C. J., at page 498, it is also stated:

"Where the parties to a contract against public policy or otherwise illegal are not in pari delicto, or equally guilty, which they may not be, and where public policy is considered as advanced by allowing either, or at least the more excusable of the two, to sue for relief against the transaction, relief is given to him."

Counsel for the defendant in this case fails to call our attention to any case in which an innocent party who has entered into a contract for a lawful purpose in ignorance of any facts which would render the legality of the contract questionable and who has been induced to enter into that contract by representations of facts which if true would preclude all possibility of the contract being illegal, has been denied the right to claim the benefit of an estoppel on the theory that such contract was invalid by reason of facts unknown to the innocent and injured party. In the case of Mason et al. v. Nibel, 129 Okla. 7, 263 P. 121, this court said in syllabus 4:

"If a person by his representation and conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny the existence of such state of facts."

In this case there is competent evidence to establish that the defendant, a licensed attorney, induced the county judge to approve a criminal appearance bond which the defendant had signed as surety by stating that he was not and would not be connected with the criminal case in which such bond was executed. There is also competent evidence establishing that the county judge relied upon the truth of the defendant's statement and was thereby induced to and did approve the bond. The essential elements of equitable estoppel have been stated many times by this court. The Texas Co. et al. v. Petitt et al., 107 Okla. 243, 220 P. 956; Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329. They need not be reiterated here. All of the essential elements are present in this case. The trial court did not err in submitting the question of estoppel to the jury by appropriate instructions.

The defendant in this case is an attorney. Attorneys above all other classes of persons should appreciate the importance of disclosing material facts to a public officer charged with the performance of an official duty. To hold that an attorney could take advantage of his own wrongful and fraudulent representations to escape a civil liability arising out of the contract the purpose of which is perfectly legal would open wide the doors of fraud and present a shocking example of judicial precedent. We decline to establish such a precedent. The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and WELCH, J., absent.