Fred **HENRY** and National Trailer Convoy, Inc., a corporation, Plaintiffs in Error,

v.

Elbert **CARPENTER**, Defendant in Error.

No. 39046.

Supreme Court of Oklahoma.

Oct. 24, 1961.

Rehearing Denied Dec. 12, 1961.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiffs in error.

Earl Truesdell, Robert D. Scott, Tulsa, for defendant in error.

**PER CURIAM.**

The action was tried to a jury and a verdict and judgment was rendered in favor of plaintiff. It is from said judgment that defendants have perfected this appeal.

The defendants will be referred to as Henry, and National, respectively for the purpose of brevity.

One of the contentions by the defendants is that the evidence was insufficient to support the verdict and judgment as against the defendant National.

The evidence reveals that defendant Henry, Norman Speir, another employee of National, and O. L. Thee, a member of the Board of Directors and Vice-President for National, departed from the office of National around 4:30 P. M. which was the time the offices of National customarily closed; that they were driven by O. L. Thee in an automobile belonging to National to Jones' Garage, where they found the plaintiff, a former employee of National recently discharged. Henry informed Thee that he was going to the particular garage to contact the plaintiff and recover from him a check issued by the National to the plaintiff for expenses earlier in the day prior to the termination of plaintiff's employment; when the parties reached the garage they all got out of the car and approached the plaintiff where he became engaged in a conversation with Henry concerning the return of the check; it was during this conversation that the altercation

occurred and injuries resulted to plaintiff; that after the alleged assault and battery upon the plaintiff by Henry, the plaintiff delivered the check to Henry; Thee, Henry and Speir took the plaintiff to a hospital and thereafter the check was delivered to the treasurer of National by Henry. Henry continued to remain in the employment of National after the said altercation occurred.

It is argued by defendants that the recovery of the check by Henry was entirely outside of his duties as a servant of defendant National, as developed by the evidence, which revealed that Henry was Safety Director for National and that his duties as such did not require him to obtain recovery of the check. The evidence fails to show that Henry was either specifically authorized or requested by National to recover the check.

Defendants, in support of this contention, cite Hill v. McQueen, 204 Okl. 394, 230 P.2d 483, 22 A.L.R.2d 1220; Fairmont Creamery Co. of Lawton v. Corsten et al., 175 Okl. 592, 55 P.2d 757; Crews v. Garber, 181 Okl. 373, 73 P.2d 855, and Tulsa General Drivers, etc. v. Conley, Okl., 288 P. 2d 750.

We do not disagree with the rule of law enunciated in the above cases, nor do we disagree with defendants' contention that the evidence fails to show that the recovery of the check was in line with the regular duties of Henry in the course of his employment.

However, the evidence does show that Henry remained in the employment of the National after the incident complained of, and that National accepted the check from Henry after he recovered the same. This, in our opinion, constitutes an acceptance of the benefits derived from the conduct of Henry, and it is obvious from the record that Thee, Vice-President for National, had specific knowledge of the details of the wrongful acts of Henry.

■ Where a master with full knowledge of the wrongful acts of his servant accepted the benefits derived from the servant's conduct by retaining an article which he took from another, master thereby ratifies the acts of the servant, and becomes liable as though authority had been given. Mason et al. v. Nibel, 129 Okl. 7, 263 P. 121; Kirk v. Montana Transfer Co., 56 Mont. 292, 184 P. 987; Kastrup v. Yellow Cab & Baggage, 129 Kan. 398, 282 P. 742; 1 Mechem on Agency (2d Ed.) page 261, section 348; 57 C.J.S. Master and Servant § 558, pages 269 and 270; 39 C.J. Section 1448, page 1266; 14A C.J. Sec. 2836, page 772.

Although, in the case of Kastrup v. Yellow Cab & Baggage, supra, the Court did not hold the master liable, in the body of the opinion the Court said:

"If by use of force Harris had taken $15 in money from Kastrup's pocket, had turned the money over to Holman, and the company with full knowledge of all facts, had kept the money, it might be said the company ratified the tortious act." [129 Kan. 398, 282 P. 744.]

■ Therefore, we are of the opinion that National, by accepting the check, knowing through its Vice-President of the wrongful acts and conduct of agent Henry by which he acquired the check, National thereby ratified the conduct of Henry.

Defendant contends the trial court erroneously rejected evidence as to money damages which plaintiff claimed and collected for several personal injuries from accidents in prior years. The argument and authorities cited do not demonstrate any error in the ruling.

■ In one proposition the defendant contends that "Henry's conduct was in self-defense and the injury to Carpenter was accidental." However, this seems to be more a question of fact which we must consider settled against defendant by the jury verdict.

In another proposition the defendants contend the evidence is not sufficient to justify an instruction on exemplary damages, but the record convinces us to the con-

trary. There is no contention of error in the instruction given on the subject.

We find no reversible error, and the judgment of the trial court is therefore affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

DAVISON and BERRY, JJ., concur in result.

The Court acknowledges the aid of the Supernumerary Judge N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.