William URABAZO, Plaintiff in Error,

v.

HUMPTY DUMPTY SUPERMARKETS, a division of Allied Supermarkets, Inc., a corporation, Defendant in Error.

No. 42157.

Court of Appeals of Oklahoma Division No. 71.

Dec. 1, 1969.

Harley Venters, Floyd Martin Jr., Oklahoma City, for plaintiff in error.

Ben L. Burdick and Paul R. McDaniel, of Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for defendant in error.

WILLIAMS, Presiding Judge.

Plaintiff in the trial court brings this appeal from that court's judgment sustaining demurrer of defendant below to his amended petition and dismissing his action. Further reference to the parties is by the use of the terms, plaintiff and defendant.

The principal question for our determination herein is whether the mere continuation by Humpty Dumpty of one Kilgore, its Anadarko grocery store assistant manager, in its employ after he allegedly had committed a physical assault and battery upon plaintiff would amount to such a ratification of the alleged wrong done plaintiff as to be actionable. We hold it would not.

A preliminary question is as to whether the trial court erred in striking from plaintiff's petition the conclusional allegation that defendant ratified Kilgore's assault upon plaintiff by continuing him in its employ. We hold it did not.

Plaintiff alleged that at about 5:30 P.M. on the day in question he drove along an alley behind defendant's described store on his way to its parking lot, intending to shop in that store; that a Coca Cola truck which could have been parked in the space behind the store near its doorway provided therefor, or to one side of the alley, instead was parked in the middle of the alley; that Kilgore was helping the driver of such truck remove cokes from the truck (to be taken into the store for sale) and return empty bottles to the truck; that plaintiff waited a sufficient time, then inquired about getting by the truck; that a discussion arose and plaintiff got out of his vehicle to converse with Kilgore; that Kilgore became hostile toward him and angry with him; that thereupon Kilgore came to plaintiff with a filled bottle of coke in either hand and struck plaintiff in the face, knocking him to the ground, injuring, cutting and disfiguring him; that plaintiff's wife and mother, who were accompanying him, dismounted from his vehicle and pulled Kilgore off of him.

Plaintiff in some one or the other of the five versions of his petition successively filed, claimed actual damages for medical treatment, for pain and suffering, for loss of profits allegedly caused to his cleaning business by the event described, his subse-

quent arrest and incarceration in jail on complaint by Kilgore and newspaper publicity thereafter occurring, and punitive damages.

The trial court ordered that plaintiff's conclusional allegations that defendant had ratified Kilgore's actions by keeping him on its payroll, be stricken from plaintiff's petition and also ordered that the general allegation of loss of profits from plaintiff's cleaning business be stricken out. Thereafter defendant's demurrer was sustained by the trial court and, plaintiff having elected to stand on his petition without further amending it, the cause was dismissed.

Plaintiff first contends the trial court erred in ordering stricken from his petition, his allegations concerning the alleged ratification by defendant of its agent's, Kilgore's, alleged assault upon plaintiff.

Plaintiff contends "that even if at the time of the assault that Ray Kilgore was acting outside the scope of his employment, the defendant has ratified his action." Plaintiff cites cases which are distinguishable on the facts. One such case sustained the defense by a defendant bank, based upon evidence that plaintiff company had retained in its employ its agent known to have forged its signature on certain checks made to such company, collected by him three years earlier (and on which checks the suit was brought) and so ratified his actions. Bell-Wayland Co. v. Bank of Sugden, 95 Okl. 67, 218 P. 705.

Another case upon which plaintiff relies, in effect held that an insurance company ratified the action of its agent in taking away from a former employee by force a check issued to him in error, and retaining the check and keeping the agent in its employ. Henry v. Carpenter, Okl., 366 P.2d 928.

Also cited but not deemed in point here is the case of Hill, et al. v. McQueen, 204 Okl. 394, 230 P.2d 483, 22 A.L.R.2d 1220, quoting from the Washington case of Matsuda v. Hammond, 77 Wash. 120, 137 P.

328, 329, 51 L.R.A.,N.S., 920. The quoted language was obiter dictum.

In the case of Mason, et al. v. Nibel, 129 Okl. 7, 263 P. 121, 122, the Court said that, "When a servant acts beyond the scope of his employment, either express or implied, the master is not bound unless he ratifies the unauthorized acts of the servant."

"The retention of an agent in the employ of the principal after the agent has undertaken or performed an unauthorized act on the principal's behalf, will not generally, in itself, be sufficient to constitute a ratification of the unauthorized act." 3 Am.Jur. 2nd, Agency § 182, p. 567.

We determine that the striking of the mere conclusional allegation of plaintiff in pleading that defendant retained Kilgore in its employ and thereby ratified his alleged assault upon plaintiff was not error.

Plaintiff also contends that the trial court erred in sustaining demurrer to his petition and dismissing his action. Plaintiff cites authorities of effect that the pleading of existence of an agency relationship, if verified, is taken as admitted if not denied under oath. See 12 O.S.1961, § 286. He also contends that "ultimate issuable facts only, as distinguished from evidentiary facts and conclusions of law, must be pleaded, and probative facts requisite to prove ultimate facts need not, and ordinarily should not be pleaded." Soper v. Enid Hotel Co., Okl., 383 P.2d 7.

Plaintiff further argues that as a general rule a principal is liable for the tortious acts of his servant where such acts are incidental to and done in furtherance of the principal's business, even though the servant may have acted in excess of his authority, or willfully or maliciously. Cited in support are the cases of Allison v. Gilmore, et al., Okl., 350 P.2d 287, 290; Roring v. Hoggard, Okl., 326 P.2d 812, and Stansell v. Safeway Stores, 44 Cal.App.2d 822, 113 P.2d 264 and 57 C.J.S. Master and Servant § 575, p. 342.

Generally, a demurrer admits all facts well pleaded and all reasonable inferences deducible therefrom, but does not admit

facts not pleaded or conclusions of law. Burger v. Richards, Okl., 380 P.2d 687 (1963).

In the Allison v. Gilmore case, supra, the Supreme Court of this State affirmed the action of the trial court in sustaining a demurrer to plaintiff's evidence and dismissed his action on the theory that defendant in ordering plaintiff to get off an oil products truck and attacking him was acting on his own authority rather than for his employer. There the Court referred to the case of Hill v. McQueen, supra, which in turn had referred to the case of Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1. In the latter case the person in charge of collecting tolls from those crossing the toll bridge in question shot and injured a person who was attempting to cross over without making the required payment. The Court determined that since collecting the tolls was the object of defendant company's business, the principal was bound by the agent's act.

The Allison case, supra, also referred to the case of Chicago R. I. & P. Ry. Co. v. Radford, 36 Okl. 657, 129 P. 834, "wherein a railroad was held liable where a train auditor caused the arrest of a passenger who refused to pay the required fare."

The Court in the Allison case distinguished such cases where the principal had been held liable, saying that, "The duty of the employee in substance was to get the toll or fare or to withhold the enjoyment of the right or privilege. Successful performance involved immediate action of some kind in opposition to the will of the other and therefore was to be anticipated by the employer."

In the Roring v. Hoggard case, supra, the Supreme Court of Oklahoma, upheld the sufficiency of the evidence to support a jury verdict against the employer of a driver who, on the way to do a job for employer, injured a four-year-old boy who in turn was standing by the stopped school bus of which his father was the driver and who ran in front of the employer's servant. The servant had helped his employer load the employer's bull-dozer on employer's truck that morning and had then loaded gasoline and oil to be used by the bull-dozer, and equipment to be used in connection with work to be done later in the day with the bull-dozer, into the servant's pickup truck, rented to the employer for that purpose.

In the Stansell v. Safeway case, supra, the California Court of Appeals held the action of the servant, a store manager, in getting angry with plaintiff fourteen-year-old girl's mother in a telephone conversation over a grocery order and later with the plaintiff child in the store and in striking her, under all the circumstances of the case, was in the performance of the duties of his employment and employer was liable.

In the case of Hill v. McQueen, supra, the Supreme Court quoted from Cooley on Torts (3rd Ed.), Vol. 2, p. 1037, saying, "It is not, as a general rule, within the scope of the servant's employment to commit an assault upon a third person and the master is not liable for such an assault, though committed while the servant was about his master's business."

In that opinion the Court (230 P.2d at p. 486) further said:

"The only authority of Hill on the occasion of the assault, other than that to collect which was an incident of his office as manager, was the direction of the president of the company that he inquire of McQueen about the indebtedness. We deem it to be clear that in committing the assault Hill was acting without the scope of his employment and, therefore, that the court erred in not sustaining the motion for a directed verdict."

We believe the facts of the case of Oklahoma Ry. Co. v. Sandford, Okl., 258 P.2d 604, to be rather analogous to those in the present case. There plaintiff sued the bus company for damages allegedly sustained when defendant's driver allegedly stopped and left the bus, at other than an authorized stop, proceeded to the automobile in which plaintiff was sitting, engaged in an argument with plaintiff as to wheth-

er plaintiff was then intoxicated, and detained plaintiff for his arrest by the police. The Court there held that the trial court erred in overruling defendant's demurrer to plaintiff's evidence and motion for directed verdict, stating "that in order to hold one responsible for the tort of another, plaintiff must establish by competent evidence not only the relation of master and servant but that the wrongful act was committed in the course of the servant's employment."

We determine that the facts pleaded by plaintiff did not state a cause of action against defendant and that the trial court did not err in sustaining defendant's demurrer thereto and in dismissing plaintiff's action.

The result reached herein obviates further consideration of plaintiff's proposition of effect that the trial court erred in striking from plaintiff's pleading his attempted cause of action for damages allegedly caused to his cleaning business by claimed loss of profits.

Judgment affirmed.

R. L. HERT and DONALD E. POWERS, JJ., concur.